UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLAN POLLER,<br><br>   Defendant. | Case No. 23-cr-39-LM |

### UNITED STATES' SENTENCING MEMORANDUM

Defendant Allan Poller pleaded guilty to one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c), based on his admission to calling the office of a United States Congressman and threatening to kill him. The United States submits this memorandum in response to the defendant's sentencing memorandum and in support of the binding stipulation to a sentence of three years of probation.

*Sentencing Guideline Calculations*

The United States agrees with the presentence report's statement of the offense conduct, description of the defendant's background and circumstances, and sentencing guideline calculations. Based on a total offense level of 12 and criminal history category of I, the guideline range is 10-16 months.

The United States disagrees with the defendant's assertion that the victim related adjustment under U.S.S.G. § 3A1.2 should not apply because the offense was not "motivated by" the victim's status as a government officer. The "official-victim enhancement is designed to protect government officers in the performance of their official duties." *United States v. Davila-Bonilla*, 968 F.3d 1, 11 (1st Cir. 2020) (internal quotation marks omitted). In *Davila-Bonilla*, the First Circuit affirmed the application of the enhancement where the defendant threatened his

probation officer for insisting he take a drug test, reasoning that the defendant issued the threat "because of the actions [the victims] took in their official role." *Id.*

Beginning with the language of the threat itself, the defendant: (1) specifically addressed the victim by his official title; (2) accused the victim of "coming for the gays"; and (3) issued a threat in order to deter the victim from "fuck[ing] with my rights." The threat was issued via a telephone call to the victim's congressional office in Washington, DC, not a personal message or a public posting on the internet. These facts show that the defendant knew of the victim's status, took issue with the victim's public statements while in office, and sought to threaten the victim into changing his future behavior while in office. In particular, the notion that the victim had any ability to interfere with the defendant's rights was premised on the fact that the victim was an elected legislator who had the authority to introduce and vote on legislation that might affect certain rights of the American people. While there are countless other individuals who have made public statements more opposed to gay rights than the victim in this case, the defendant did not call those other individuals; he called this victim, an elected representative.

As one court put it, "motivate" means "to provide with an incentive or a reason for doing something" and "motive" means "the consideration or object influencing a choice or prompting an action." *United States v. Feeback*, 53 F. 4th 1132, 1135 (8th Cir. 2022). Here, it is clear that the victim's official status was at least one of the reasons and considerations that influenced the defendant's choice to place the call and issue the threat. This Court should accord with the numerous other courts to hold that the official victim enhancement applies when a defendant threatens an official in connection with a perceived political disagreement. *See, e.g.*, *United States v. Hoff*, 767 F. App'x 614, 623-24 (6th Cir. 2019); *United States v. Miller*, 450 F. App'x

336, 338 (5th Cir. 2011); *United States v. Russell*, 322 F. App'x 920, 925 (11th Cir. 2009); *United States v. Crandall*, 173 F.3d 846 (Table) (2d Cir. 1999).

*Variance to a Probationary Sentence*

Although the guidelines indicate a range of 10-16 months of imprisonment in Zone C of the sentencing table, the United States submits that this is an unusual case where a sentence of probation is appropriate. As the defense has articulated in its filings and will surely emphasize at the sentencing hearing, the defendant is a young man who has faced dramatic challenges in his life but had no prior contacts with the criminal justice system. He has also already faced significant consequences as a result of his conduct, arrest, and plea in this case. The United States therefore recommends a downward variance to a sentence of three years of probation with such mandatory and discretionary conditions as recommended by Probation including a period of community service pursuant to 18 U.S.C. § 3563(b)(12) and U.S.S.G. § 5B1.3(a)(2), a low-end fine of $5500, and a $100 special assessment.

Dated:  January 9, 2024

Respectfully submitted,
JANE E. YOUNG
United States Attorney

By: /s/ Jarad E. Hodes
   Jarad E. Hodes
   Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via ECF filing to all counsel of record.

/s/ Jarad E. Hodes
Jarad E. Hodes, AUSA